must deal with them fairly and honestly and in good faith. He should neither endeavor to drive them from their duty, nor deceive and entrap these rash and ignorant men into a course of conduct which he sees may draw upon them the loss of their wages while they have no such suspicion. If they are really and truly acting under a mistaken opinion of their rights and not from a dishonest or rebellious disposition, they should be undeceived, their error should be explained, or at least they should not be drawn, or permitted, by an insidious silence or inattention to their proceedings, to involve themselves in the crime of desertion with its ruinous consequences. A practice of this sort upon sailors may well be considered as a fraud, and the contriver ought not to gain by it." While it is important to adhere to the rule forfeiting wages for wilful desertion, regularly proved, for the sake of maintaining the proper discipline of the ship (The Cadmus [Id. 2,282],) it is equally the duty of the courts to secure to the seamen fair and just treatment and to protect them against practices such as they were exposed to in this case and which are often the means adopted to deprive them of their fairly earned wages. There is, I think, no serious injustice done to the owners of this vessel, therefore, although the failure to prove the desertion is owing to what may seem to be a technical defect in the official log. Decree for the libellants with costs, and a reference to compute amount due.

---

LILIENTHAL (UNITED STATES v.). See Case No. 16,105.

---

## Case No. 8,347.
### LILIENTHAL'S TOBACCO v. UNITED STATES.

[The case reported under above title in 15 Int. Rev. Rec. 19, is the same as Case No. 16,-106a.]

---

LILL (BRADLEY v.). See Case No. 1,783.

---

## Case No. 8,348.
### The LILLA.

[2 Spr. 177; 1 25 Law Rep. 81.]

District Court, D. Massachusetts. Sept., 1862.2

PRIZE—CAPTURE IN NEUTRAL WATERS—CLAIMS OF PRIVATE PERSONS — PROCEEDINGS OF PRIZE COURTS OF THE CONFEDERATE STATES — RESTORATION OF MERCHANT VESSELS—RIGHTS OF OFFICERS AND CREW OF A PRIZE.

1. No private person can interpose in a case of prize and make claim for the restoration of the captured property, on the ground that the capture was made within neutral waters. Whatever

1 [Reported by John Lathrop, Esq., and here reprinted by permission.]
2 [Affirmed in Case No. 15,600.]

claim is made must be presented by the neutral nation whose rights have been infringed. Even a consul, by virtue of his office merely, cannot interpose.

2. Where a claimant had his domicil in the enemy's country, was a permanent resident there, and the property captured was purchased as stock in a trade to be there carried on, the claim was dismissed, as coming within the decision of the court in the case of The Amy Warwick [Case No. 341].

3. If a neutral owner of a portion of the property captured, claims another part, which belongs to an enemy, for the purpose of deceiving the court, the part belonging to the neutral will be condemned, as a penalty for his fraudulent conduct.

4. The admission of further proof rests wholly in the discretion of the court; but the exercise of this discretion is aided by certain rules. Some of these rules stated. A motion for further proof refused, where there was no reason to suppose that any further evidence of value could be produced.

[Cited in Cushing v. Laird, 107 U. S. 82, 2 Sup. Ct. 206.]

5. The proceedings of a prize court of the so-called Confederate States are of no validity here, and a condemnation and sale by such a court do not convey any title to the purchaser, or confer upon him any right to give a title to others.

6. The rule under the statute of the United States, 1800, c. 14, § 1 [2 Stat. 16], concerning the restoration to their owners, upon payment of certain salvage, of merchant vessels recaptured, before their valid condemnation, by public armed vessels, applied by analogy to the case of a vessel recaptured after a capture by a Confederate privateer, and a condemnation and sale by a Confederate prize court.

7. The officers and crew of a prize, in case of condemnation, are not entitled to wages from the prize property. Where a prize is condemned, the officers and crew who are sent in as witnesses in pursuance of the law of nations, are not entitled to witness fees or compensation for their necessary detention from out of the prize property. Where such persons, after their examination is satisfactorily completed, are further detained, not for the purposes of the prize cause, but under an order from the navy department for public reasons, their compensation or damages, if they are entitled to any, cannot be charged on the prize property.

In admiralty.

R. H. Dana, Jr., U. S. Atty., for the captors.

F. C. Loring, for Maxwell and others, the Americans claimants.

C. G. Thomas, for R. G. Bushby and others, the British claimants, cited The Bermuda, 3 Wall. [70 U. S.] 514; The Springbok, 5 Wall. [72 U. S.] 1; The Pearl, Id. 574.

SPRAGUE, District Judge. This vessel and cargo were captured on the 3d day of July last, off Abaco, by the United States gunboat Quaker City, and sent into this district for adjudication. The counsel for the claimant contends that the capture was made within British waters, and that the property should be restored to the claimants for that reason.

To this there are two answers. First, the fact that the capture was made within the jurisdiction of a neutral country, is not proved. Second, if it were proved, no private person can interpose or rest a claim